AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Minnesota

STEWART L. ROARK )
*Plaintiff* )
v. ) Civil Action No. 0:16-cv-00173 (RHK/FLN)
CREDIT ONE BANK, N.A. )
)
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: First Contact, LLC d/(iQor US Inc.)
335 Madison Avenue, 27th Floor, New York, NY 10017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED EXHIBIT A

| Place: To either: (1) Tarshish Cody, 6337 Penn Ave. S., Minneapolis, MN 55423; and/or (2) Tarshish Cody c/o Michael Kibort, 60 East 8th St, Apt 7H, New York, NY | Date and Time: 08/31/2016 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/16/2016

*CLERK OF COURT*

_____   OR   _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __PLAINTIFF__
Adam R. Strauss, Esq., Tarshish Cody, PLC, 6337 Penn Ave. S. , who issues or requests this subpoena, are:
Minneapolis, MN, 55423, 952-300-6038, ars@attorneysinmn.com (ATTY ID # 0390942)

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 0:16-cv-00173 (RHK/FLN)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## SUBPOENA DUCES TECUM TO FIRST CONTACT, LLC c/o iQOR US INC.

### DEFINITIONS AND INSTRUCTIONS

1. The terms "**YOU**" **and** "**YOUR**," refer to one, all, or any combination of First Contact, LLC, iQor US Inc., iQor US Holdings Inc., and any of their representatives.

2. The term "**Defendant**" refers to Credit One Bank, N.A., and any of its representatives.

3. The term "**Plaintiff**" refers to Plaintiff Stewart L. Roark or any of his representatives.

4. The term "**Plaintiff's Cell Phone Number**" refers to Plaintiff Stewart L. Roark's cell phone number, 517-581-4660.

5. The term "**TCPA**" refers to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.*, including all amendments and the Federal Communications Commission ("FCC") Regulations, 47 C.F.R. § 64.1200 *et. seq.*

6. The terms "**Automatic telephone dialing system**" and/or "**ATDS**" refers to: (1) any equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial any such numbers; (2) any telephony system that has the capacity to dialing calls without human intervention; and (3) as the terms are defined by the TCPA and the FCC and any of its regulations.

7. The term "**Predictive dialer**" refers to any equipment and software that allows a party to initiate phone calls while the caller is talking to another person and includes a telephone control system that automatically calls a list of telephone numbers in sequence or random, screening out no-answers, busy signals, answering machines, cancelled calls and disconnected numbers while predicting at what point a human caller will be able to handle the next call.

8. The term "**DIALER**" shall collectively refer to refer to one, all, or any combination of the following terms "**Automatic Telephone Dialing System**," "**ATDS**," "**Automated Dialer**," "**Robodialer**," and/or "**Predictive Dialer**." The term "**DIALER**" also includes any telephone call **using an artificial voice, prerecorded voice and/or prerecorded message.**

9. The term **"document"** has the broadest meaning and includes any **electronically stored information** and all writings of any kind, including the original, copies, drafts, revisions, modifications, changes, recordings, photographs, or other written or graphic matter, however the document is produced or reproduced (*different versions of the same document, handwritten notes or notations in any form, and drafts of documents containing handwritten notations or marks not found in the original or on other copies, all constitute separate and different documents*). The term "document" also includes without limitation: written, printed, typed, correspondence, memoranda, notes, diaries, statistics, e-mails, letters, telegrams, minutes, contracts, reports, studies, checks, appraisals, bills, agreements, contracts, statements, receipts, returns, summaries, pamphlets, books, communications, telephone calls, bulletins, computer printouts, screenshots, transcripts, schedules, financial statements, teletypes, facsimile, tele-fax, invoices, worksheets, charts, graphs, film, recordings, and any electronic record and/or electrical records or representations of any kind, and all sources or formats from which data, information, or communications can be obtained (including but not limited to tapes, cassettes, disks, recordings, audio material, video material, flash drives, USB drives, computer memories, and computer-stored or computer-readable data).

10. The terms **"relating"** or **"relate"** or **"relates"** or **"in relation to"** means comprising, mentioning or describing, containing, enumerating, involving or in any way concerning, pertaining or referring to, being connected with, reflecting upon or resulting from, in whole or in part directly or indirectly, the stated subject matter.

11. The terms **"evidence"** or **"evidencing"** means to show or tending to show, in any probative manner, the existence or non-existence of a matter.

12. Except where the context clearly makes it inappropriate, references to the masculine or feminine; and references to singular or the plural, shall be used interchangeably. In addition, "And" means "or" and "or" means "and."

13. In answering these Requests, you are required to furnish all documents and/or things that are available to you or subject to your reasonable inquiry, including information and things in the possession, custody or control of any of your representatives, including without limitation your attorneys, accountants, advisors, agents, or other persons directly or indirectly employed by or connected with you, and anyone else otherwise subject to your control.

14. **All documents that can be produced in readable, native, electronic and fully searchable format must be produced in that format.**

15. **"Print Screens," Printouts, or other manually produced copies of electronic data are unacceptable.**

*16. **The following Requests seek documents from January 2015 to the present date.***

*17. **The following Requests seek documents as it relates to making, placing and/or initiating telephone calls on behalf of Defendant (or any of its representatives).***

## SUBPOENA DUCES TECUM REQUESTS

**REQUEST 1.:** All documents and records identifying or referencing Plaintiff's Cell Phone Number.

**REQUEST 2.:** Your entire file for Plaintiff's Cell Phone Number, including but not limited to all account notes for Plaintiff's Cell Phone Number.

**REQUEST 3.:** As it relates to telephone calls received on behalf of Defendant, all documents showing each instance a call was received by You from Plaintiff's Cell Phone Number.

**REQUEST 4.:** As it relates to making, placing and/or initiating telephone calls on behalf of Defendant (or any of its representatives), all documents evidencing each instance a telephone call was made, placed and/or initiated to Plaintiff's Cell Phone Number, including any failed attempts.

**REQUEST 5.:** To the extent such documents were not provided in response a previous Request, all DIALER call logs and/or DIALER call notes as it relates to Plaintiff's Cell Phone Number.

**REQUEST 6.:** As it relates to Plaintiff's Cell Phone number, audio recordings of all incoming telephone calls, outgoing telephone calls, and voicemails.

**REQUEST 7.:** As it relates to Plaintiff's Cell Phone Number, all documents evidencing the process, manner, methods and/or techniques for placing, making and/or initiating telephone calls.

**REQUEST 8.:** As it relates to Plaintiff's Cell Phone Number, all documents evidencing the DIALER (including any related hardware and software) used to make, place and/or initiate telephone calls on Defendant's behalf.

**REQUEST 9.:** With regards to the previous Request, all DIALER manuals, instructions, guides, notes, handbooks, training materials and purchase information.

**REQUEST 10.:** With regards to Request No. 8, all documents and materials that You are provided or otherwise use as it relates to the use or operation of any DIALER (and any related software or hardware).

**REQUEST 11.:** To the extent such documents were not provided in response to a previous Request and as it relates to Plaintiff's Cell Phone Number, all documents evidencing any Telephony System (including any related hardware or software) used to make, place and/or initiate telephone calls on Defendant's behalf.

**REQUEST 12.:** All communications (written or verbal) between you and Defendant as it relates to Plaintiff's Cell Phone Number.

**REQUEST 13.:** All contracts and/or agreements (written or oral) between you and Defendant as it relates to making, placing and/or initiating telephone calls on behalf of Defendant (or any of its representatives).

**REQUEST 14.:** All documents evidencing Your policies, procedures and compliance regarding the TCPA as it relates to making, placing and/or initiating telephone calls on behalf of Defendant (or any of its representatives).

**REQUEST 15.:** All documents evidencing Your policies, procedures and compliance regarding the use or operation of any DIALER as it relates to making, placing and/or initiating telephone calls on behalf of Defendant (or any of its representatives).

**REQUEST 16.:** All documents evidencing Your policies and procedures regarding blocking and/or preventing telephone calls to people who have revoked consent to be called in any manner or method as it relates to making, placing and/or initiating telephone calls on behalf of Defendant (or any of its representatives).

**REQUEST 17.:** All documents evidencing Your policies and procedures regarding blocking and/or preventing telephone calls to the wrong telephone numbers as it relates to making, placing and/or initiating telephone calls on behalf of Defendant (or any of its representatives).

**REQUEST 18.:** With regards to Request Numbers 14-17, all documents evidencing Defendant's policies and procedures regarding the use or operation of any DIALER and the TCPA.

**REQUEST 19.:** As it relates to Plaintiff's Cell Phone Number, all documents evidencing Your use of skip tracing and/or cell phone scrubbing (or any related service).

**REQUEST 20.:** As it relates to making, placing and/or initiating telephone calls on behalf of Defendant (or any of its representatives), all documents evidencing any

person's acknowledgement of training and/or compliance with any of the policies and procedures regarding the TCPA and/or the use or operation of any DIALER.

**REQUEST 21.:** With regards to the policies and procedures identified in your responses, all documents evidencing any action You or Defendant took to comply with any such policies and procedures as it relates to Plaintiff's Cell Phone Number.

**REQUEST 22.:** A Plain-English index, list or glossary for any legends, codes, abbreviations, caller initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

**REQUEST 23.:** As it relates to Plaintiff's Cell Phone Number, any reports generated and/or accessed by Defendant.

**REQUEST 24.:** All data Defendant provided You regarding Plaintiff's Cell Phone Number.

**REQUEST 25.:** As it relates to Plaintiff's Cell Phone Number, any prerecorded voice files and/or pre-recorded messages provided by Defendant to you.

**REQUEST 26.:** All data You inserted into and/or supplied to Defendant's computer system relating to Plaintiff's Cell Phone Number.

**REQUEST 27.:** All data Defendant inserted into and/or supplied to Your computer system relating to Plaintiff's Cell Phone Number.

**REQUEST 28.:** All documents evidencing any of Your products and services used by Defendant since January 2015.

**REQUEST 29.:** All of Your invoices since January 2015 that You sent to Defendant for DIALER services.

**REQUEST 30.:**  All of Your invoices since January 2015 that You sent to Defendant for Telephony Services.

**REQUEST 31.:**  All of Your sales literature since January 2015 for any service or product which was used or provided to Defendant.