AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Minnesota ▼

| | |
|---|---|
| STEWART L. ROARK ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 0:16-cv-00173(RHK/FLN) |
| CREDIT ONE BANK, N.A. ) | |
| ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: First Contact, LLC c/o iQor US Inc.
200 Central Avenue, 7th Floor, St. Petersburg, FL 33701

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

SEE ATTACHED NOTICE OF DEPOSITION AND EXHIBIT A

| Place: 970 Lake Carillon Drive, Suite 300, St. Petersburg, FL 33716 | Date and Time: 10/28/2016 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic, video, audio, video conferene or audio visual

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/15/2016

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **PLAINTIFF**
Adam R. Strauss, Esq., Tarshish Cody, PLC, 6337 Penn Ave. S._____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT B

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 0:16-cv-00173(RHK/FLN)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                        *Server's signature*

                                                    _____
                                                        *Printed name and title*

                                                    _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Stewart L. Roark | ) Civil Case No.: 0:16-cv-00173(RHK/FLN) |
| Plaintiff, | ) |
| vs. | ) **NOTICE OF TAKING DEPOSITION OF FIRST CONTACT, LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)** |
| Credit One Bank, N.A. | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

**YOU WILL PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 30(b)(6) and Fed. R. Civ. P. 45, Plaintiff Stewart L. Roark, by and through his counsel, will take the deposition of First Contact, LLC through one or more of its officers, directors, agents, employees and/or authorized persons most qualified to testify with respect to the matters described below in **Exhibit A**.

The deposition will be taken by oral examination before an authorized court reporter or other officer authorized to administer oaths or officer under Fed. R. Civ. P. 28 on Friday, October 28, 2016 at 9:00 a.m. at the offices of 970 Lake Carillon Drive, Suite 300, St. Petersburg, FL, 33716 and thereafter by adjournment until the same shall be completed. This deposition may be conducted and recorded by stenographic, video-conference, video, audio, and/or audiovisual means.

TARSHISH CODY, PLC

Dated: October 15, 2016      By:   s/Adam R. Strauss
Adam R. Strauss (#0390942)
ars@attorneysinmn.com
6337 Penn Avenue South
Minneapolis, Minnesota 55423
Telephone: (952) 361-5556
Facsimile: (952) 361-5559
**ATTORNEYS FOR PLAINTIFF**

## EXHIBIT A

## DEFINITIONS

The terms **"You"** and **"Your,"** refer to one, all, or any combination of First Contact, LLC, iQor US Inc., iQor US Holdings Inc., and any of their representatives.

The term **"Defendant"** refers to Credit One Bank, N.A. and any of its representatives.

The term **"Plaintiff"** refers to Plaintiff Stewart L. Roark or any of his representatives.

The term **"Plaintiff's Cell Phone Number"** refers to Plaintiff's Cell Phone number 517-581-4660.

The term **"TCPA"** refers to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq., including all amendments and the Federal Communications Commission ("FCC") Regulations, 47 C.F.R. § 64.1200 et. seq.

## SUBJECT MATTER

**PLEASE TAKE FURTHER NOTICE** that Your designated representative(s) must be prepared to testify regarding "matters known or reasonably available to" You, including the following topics:

1. Your entire file and/or records as it relates to Plaintiff's Cell Phone Number.
2. Documents and records identifying or referencing Plaintiff's Cell Phone Number.
3. Account notes, account history notes, and/or collection notes for Plaintiff's Cell Phone Number.
4. Your relationship with Defendant, including:

    a. Agreements with Defendant;
    b. Communications with Defendant;
    c. The products and services provided to Defendant;
    d. The exchange of information, materials, documents, data, customer information, credit card account information, and/ or account information between You and Defendant;
    e. The policies and procedures for any telephone calls made, placed and/or initiated by You on behalf of Defendant;
    f. Instructions provided by Defendant to You;
    g. Instructions provided by You to Defendant;
    h. The process, manner, methods and/or techniques for any telephone calls made, placed and/or initiated by You on behalf of Defendant; and
    i. Prerecorded messages, automated messages, prerecorded voices used by You during any telephone call made, placed, and/or initiated on behalf of Defendant.

5. Call logs, call notes and/or call detail reports as it relates to Plaintiff's Cell Phone Number.

6. As it relates to Plaintiff's Cell Phone number, audio recordings of all incoming telephone calls, outgoing telephone calls, and voicemails.

7. Instances wherein You received a telephone call on behalf of Defendant from Plaintiff's Cell Phone Number.

8. Instances wherein a telephone call was made, placed and/or initiated by You on Defendant's behalf to Plaintiff's Cell Phone Number, including any failed attempts.

9. The telephone equipment and technology used to make, place and/or initate telephone calls to Plaintiff's Cell Phone Number, including:

    a. Any dialer, telephony system, technology, hardware, software and application;
    b. aQrate dialer and/or aQrate system and any other related application, hardware or software associated with aQrate;
    c. Any ANI (Automatic Number Identification), ANI II (Automatic Number Identifier II), CPN (Calling Party Number), CID (Caller ID), CLID (Calling Line Identification), and/or CNID (Calling Number ID);
    d. Location of equipment, technology, computers, servers, software, hardware, and dialers;
    e. Location of all Your calling agents;

    f. Any related handbooks, manuals, instructions, guides or notes regarding the use or operation of any such equipment; and

    g. Your use and/or operation of any such equipment.

10. As it relates to making, placing and/or initiating telephone calls on behalf of Defendant, Your policies, procedures, training and compliance regarding:

    a. The TCPA and/or the use or operation of any telephone equipment;
    b. To determine whether a particular telephone number is a cellular phone number and/or the process of cell phone "scrubbing";
    c. To determine if You are calling the wrong number; and
    d. The use of skip tracing (or any related service).

11. Any action (legal or otherwise), proceeding, lawsuit, claim, complaint, arbitration, mediation, settlement, violation, regulatory action, and/or allegation by any person or entity (public or private) against You regarding the TCPA within the last three years. This includes any proceeding by a private individual, a class, the Federal Trade Commission, the Federal Communications Commission, the Better Business Bureau, any state Attorney General's office, the Department of Justice, and/or the Department of Commerce.

12. All computer systems and other technology used in connection with Defendant's collection accounts (and/or collecting monies owed to Defendant and/or collection of past due accounts) as it relates to making, placing and/or initiating telephone calls to Plaintiff's Cell Phone Number, including hardware, software, applications, equipment, and servers.

13. Documents produced by You in this matter in response Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Actions, dated August 16, 2016.

14. The description and/or Plain-English meaning for any legends, codes, abbreviations, caller initials, or other non-obvious terms, words, or data contained in any of the documents produced in this matter.

                                      **TARSHISH CODY, PLC**

Dated: October 15, 2016       By:    s/Adam R. Strauss
                                              Adam R. Strauss (#0390942)
                                              ars@attorneysinmn.com
                                              6337 Penn Avenue South
                                              Minneapolis, Minnesota 55423

- 5 -

Telephone: (952) 361-5556
Facsimile: (952) 361-5559
**ATTORNEYS FOR PLAINTIFF**